**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-00944-MSK

JAMES A. HOWARD,

     Plaintiff,

v.

CAROLYN COLVIN, acting Commissioner of Social Security,

     Defendant.

---

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES

---

     **THIS MATTER** comes before the Court on Plaintiff  James A. Howards' Motion for an Award of Attorney's Fees ("Motion") (**#25**) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the supporting brief, (**#26**), the Commissioner's Response (**#27**), and Mr. Howards's Reply (**#28**).

## JURISDICTION

     For purposes of determining the instant motion, the Court exercises subject matter jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 2412.

## ISSUE PRESENTED

     Mr. Howard asserts that, pursuant to the EAJA, he should be awarded attorney fees in the amount of $7482.09.  The Commissioner objects, contending that its position in defending the Decision was substantially justified and special circumstances would make an award unjust.

## BACKGROUND

Mr. Howard filed a claim for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33, 1381-83c. He asserted that he had been disabled from December 1, 2002 due to major depression. After a hearing, the administrative law judge ("ALJ") denied Mr. Howard's claim in a Decision issued June 22, 2010. Mr. Howard appealed that Decision to the Appeals Council, which denied review of Mr. Howard's Social Security Disability Benefits claim and remanded his Supplemental Security Income claim for further proceedings. The ALJ held a second hearing on August 26, 2011 and denied Mr. Howard's claim in a decision issued September 10, 2011. Mr. Howard appealed that Decision to the Appeals Council, which denied review.

Subsequently, Mr. Howard appealed to this Court, challenging the second Decision on two grounds: (1) the ALJ failed to weigh the medical evidence properly; and (2) the ALJ failed to evaluate Mr. Howard's credibility properly.

On June 26, 2014, this Court reversed the Decision and remanded the case to the Commissioner for further proceedings. Specifically, this Court held that the ALJ failed to comply with the Appeals Council's directions on remand and the ALJ did not follow the correct legal standards when considering the medical evidence and Mr. Howard's credibility. In the instant Motion, Mr. Howard requests attorney fees.

## DISCUSSION

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Thus, to prevail under the EAJA, a party must show: (1) that it was the

prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

There is no dispute that Mr. Howard is the prevailing party. *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). The only issues before the Court are whether the Commissioner's position was substantially justified and whether there are special circumstances that make an award unjust.

As to whether the Commissioner's position was substantially justified, the Commissioner bears the burden of proof. *Id.* at 1170. Under the EAJA, fees generally should not be awarded if the Commissioner advanced a reasonable or substantially justified litigation position. *Id.* (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (10th Cir. 2002)). The Commissioner's position is substantially justified if it has a reasonable basis in both law and fact. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995); *Veltman v. Astrue*, 261 F. App'x. 83, 85 (10th Cir. 2008).

Applying these standards, the Court finds that the Commissioner's position was neither reasonable nor substantially justified. The Commissioner's position before this Court was that the ALJ's findings in the Decision were supported by substantial evidence, but the error that required reversal was one of law – failure of the ALJ to follow the remand directives and to apply correct legal standards when considering the evidence.  This was a facial infirmity unrelated to the sufficiency of the evidence.

The Commissioner also argues that that there are special circumstances that make an award unjust.  In particular, she argues that Mr. Howard "did not identify the issue that led to remand—i.e., whether the ALJ complied with the Appeals Council's remand order."   It is true that Mr. Howard did not focus on the Appeals Council's remand order, but the Commissioner

should have.  Had she done so, the patent error by the ALJ could have been addressed without expenses associated with this appeal.

However, in addition the Court found that reversal and remand was required because the ALJ erred by failing to apply the correct legal standard  "both in the assessment of the medical opinions and in the assessment of credibility."  This argument was raised and argued by Mr. Howard.  Again, had the Commissioner recognized, acknowledged and addressed this patent error, the appeal could have been avoided.

Because the errors that resulted in reversal were clear and patent, and avoidance of this appeal was squarely within the power of the Commissioner, the Court is unpersuaded by the Commissioner's argument that an award of fees against her would be unjust.

There is no issue as to the reasonableness of the fees requested by Mr. Howard.  Accordingly, he is entitled to an award of attorney fees in the amount of $7,482.09.

For the reasons stated herein, **IT IS ORDERED** that the Motion is **GRANTED**.  Payment of Mr. Howard's attorney fees in the amount of $7,482.09 shall be made to Mr. Howard directly,[1] in care of his attorney.

Dated this 10th day of April, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

---

[1] Mr. Howard has included with his Motion an agreement that assigns his rights to any attorney fees to his attorney.  The Court declines to assign his awarded attorney fees to his attorney, as the EAJA makes it is clear that attorney's fees will be paid only to the "prevailing party."  *Manning v. Astrue*, 510 F.3d 1246, 1249-50 (10th Cir. 2007).